FILED
2003 SEP 29 AM 8:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| SANDRA RAY, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | CASE NO. CV 02-B-2941-S |
| } | |
| CITY OF BIRMINGHAM, } | |
| } | |
| Defendant. } | |

**ENTERED**
SEP 29 2003

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, (doc. 4), and plaintiff's Motion for Rule 56(f) Extension to Respond, (doc. 5). Plaintiff Sandra Ray has sued her employer, defendant City of Birmingham, alleging that defendant discriminated against her on the basis of her race and that it retaliated against her for complaining about discrimination, in violation of federal law. Upon consideration of the record, the submission of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion for Rule 56(f) Extension to Respond, (doc. 5), is due to be granted in part and denied in part, and that defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, (doc. 4), is due to be granted in part and denied in part.



# I. STANDARDS

## A. MOTION TO DISMISS STANDARD

The Eleventh Circuit Court of Appeals has stated that a Motion to Dismiss "is viewed with disfavor and rarely granted." *Brooks v. Blue Cross and Blue Shield*, 116 F.3d 1364, 1369 (11th Cir. 1997)(citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). When deciding a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the court "must accept the allegations set forth in the complaint as true." *Gonzalez v. McNary*, 980 F.2d 1418, 1419 (11th Cir. 1993)(citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986)); *see also Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994). The court will dismiss a claim only when it is clear that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Hishon*, 467 U.S. at 73; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967))(emphasis in original).

"[T]he threshold that a complaint must meet to survive a motion to dismiss is 'exceedingly low.'" *Holley v. City of Roanoke*, 162 F. Supp. 2d 1335, 38 (M.D. Ala. 2001)(quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985)). "[A] defendant thus bears the 'very high burden' of showing that the plaintiff cannot

2

conceivably prove any set of facts that would entitle him to relief." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735-736 (11th Cir. 1998)(citing *Jackam v. Hospital Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986)), *cited in McClendon v. May*, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999).

### B. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in her favor.

*See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. STATEMENT OF FACTS[1]

Plaintiff Sandra Ray, African-American, is employed by defendant City of Birmingham as a System Analyst. (Doc. 1 ¶ 2.) She contends that defendant has failed to promote her to the position of Senior System Analyst on several occasions, including in December 1997, October 1998, and May 2002. (*Id.* ¶¶ 6, 14; doc. 4, Ex. 1.) Plaintiff contends she was qualified for the promotions, and that she has been ranked at the top of the Jefferson County Personnel Board list for promotion. (Doc. 1 ¶ 7.) Plaintiff alleges that defendant did not promote her because of her race, African-American, and in retaliation for filing a charge of discrimination with the EEOC. (*Id.* 1 ¶¶ 9, 12.)

Plaintiff also contends that she received poor performance ratings in retaliation for complaining about race discrimination. (*Id.* ¶ 12.) She appealed these performance ratings, which resulted in an upward adjustment in her scores. (*Id.* ¶ 14.)

Plaintiff filed two charges of discrimination: the first charge (no. 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), alleging race discrimination with regard to promotions, was filed on January 13, 1999; the second charge (no. 130A2-02-127), alleging retaliation and age discrimination, was filed on May 24, 2002. (Doc. 4, Exs. 1 and 2.) On September 30, 2002, the EEOC issued plaintiff

---

[1] For purposes of defendant's Motion to Dismiss, the court accepts the allegations in plaintiff's Complaint as true.

4

a right-to-sue letter on her second charge. (*Id.*, Ex. 3.) Apparently, the EEOC issued plaintiff a right-to-sue letter on her first charge on May 15, 2003. (Doc. 14.) On June 20, 2003, plaintiff filed a "Supplemental Response to Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment." In this document plaintiff states that she supplements her January 13, 2003, response with the following information: Notice of Right to Sue, issued by the U.S. Department of Justice on May 15, 2003. The Notice was not attached to plaintiff's Supplemental Response. Unless otherwise notified by the parties, the court will assume that this Notice pertained to plaintiff's first charge of discrimination.

Plaintiff filed her Complaint, alleging race discrimination and retaliation, on December 2, 2002. (Doc. 1.)

### III. DISCUSSION

#### A. RACE DISCRIMINATION

Defendant contends that plaintiff's race discrimination claims are due to be dismissed as time barred and because plaintiff did not exhaust her administrative remedies before filing a claim under Title VII. For the reasons set forth below, the court finds that defendant's Motion to Dismiss/Motion for Summary Judgment is due to be denied in part and granted in part.

#### 1. Statute of Limitations

Defendant contends, "Plaintiff's race discrimination claims (Complaint ¶ 6-9) are barred by the statute of limitations in that she alleges claims occurring over 180 days prior

5

to the filing of her EEOC charge." (Doc. 4 ¶ 1.) Plaintiff's Complaint alleges that, since December 1997, defendant repeatedly denied her promotions to the position of Senior System Analyst, despite the fact that "she has received a 100% rating and been ranked number 1 on the Jefferson County Personnel Board list" each time she applied for the position. (Doc. 1 ¶¶ 5, 7.) Plaintiff filed an EEOC charge on or about January 13, 1999, approximately 80 days after defendant allegedly denied her a promotion on October 24, 1998. (Doc. 4, Ex. 1.) Plaintiff's claims are timely to the extent that they concern promotion decisions on or after October 24, 1998. However, she may not maintain a claim for promotion decisions occurring prior to October 24, 1998. Therefore, plaintiff's claim based on the December 1997 promotion decision is due to be dismissed.

Defendant's Motion to Dismiss/Motion for Summary Judgment is due to be granted as to all promotion claims arising ***before*** October 24, 1998, including the December 1997 promotion, and is due to be denied as to all promotion claims arising ***after*** October 24, 1998.[2]

---

[2]The court notes that plaintiff's claims are "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000).

> The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation. No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge. EEOC regulations provide that charges should contain, among other things, a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices. A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

*Id.* (internal citations and quotations omitted).

Plaintiff claims based on defendant's promotion decisions prior to October 24, 1998 are due to be dismissed.

### 2. Administrative Requirements

Defendant contends that plaintiff's race discrimination claims based on the October 1998 promotion decision are due to be dismissed because plaintiff has not received a right-to-sue letter on her first EEOC charge.

Plaintiff filed two EEOC charges: one on January 13, 1999, alleging race discrimination, and one on May 24, 2002, alleging age discrimination and retaliation. At the time defendant filed its Motion to Dismiss plaintiff had received a right to sue letter on her second EEOC charge, but not her first. Therefore, defendant contended plaintiff's race discrimination claims, set forth in her first EEOC charge, were due to be dismissed because plaintiff has not obtained a right-to-sue letter. (Doc. 4 ¶¶ 2-3.)

The Eleventh Circuit has held, "It is well-settled that the requirement that a plaintiff receive a right-to-sue letter is subject to equitable modification." *Larkin v. Pullman-Standard Div., Pullman, Inc.*, 854 F.2d 1549, 1566 (11th Cir. 1988)(citing *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1218-19 (11th Cir. Unit B 1982), *cert. denied* 459 U.S. 1105 (1983)), *cert. granted and judgment vacated on other grounds* 493 U.S. 929 (1989).[3]

---

[3] Defendant contends that the timely filing of a Complaint after receipt of a right-to-sue letter is "jurisdictional." (Doc. 4 ¶ 4 (citing *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002); 42 U.S.C. § 2000e-5(f)(1)).) However, the law is well-settled that satisfaction of the administrative requisites is *not* jurisdictional. *Forehand v. Florida State Hosp.*, 89 F.3d 1562, 1567 (11th Cir. 1996)(citing *Fouche v. Jekyll Island--State Park Authority*, 713 F.2d 1518, 1525 (11th Cir.1983); *Pinkard*, 678 F.2d at 1216). Nothing in the Eleventh Circuit's opinion in *Green* challenges this long-standing holding. *See Green*, 281 F.3d at 1233-34.

"[T]he receipt of a right-to-sue letter subsequent to the commencement of a Title VII action, but while the action remains pending, satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action." *Pinkard*, 678 F.2d at 1219.

Because plaintiff has not apparently received her right-to-sue letter with regard to her first EEOC charge, the court finds that defendant's Motion to Dismiss/Motion for Summary Judgment, asking the court to dismiss plaintiff's race discrimination claim on the ground that plaintiff has not received a right-to-sue letter, is due to be denied.[4]

## B. RETALIATION

Plaintiff contends she complained of being denied promotions because of her race and, thereafter, she received poor evaluations, which she appealed, and defendant denied her a promotion. (Doc. 1 ¶¶ 13, 14.) Plaintiff alleges defendant retaliated against her in violation of Title VII and § 1981.

Defendant contends that plaintiff's Title VII retaliation claims are due to be dismissed because plaintiff cannot prove that she suffered an adverse employment action because of her protected activity. It contends that plaintiff's § 1981 retaliation claims are due to be dismissed because such claims are not actionable and, even if such claims are actionable,

---

[4]In its Reply Brief, defendant contends, for the first time, that "plaintiff's waiting several years to request such notice" is "inherently unfair[ ]." (Def. Reply Br. at 1.) The court has not considered defendant's claim that plaintiff's race discrimination claims are barred by the doctrine of laches because such contention is raised for the first time in reply. *See Burns v. Gadsden State Community College*, 908 F.2d 1512, 1516 (11th Cir. 1990).

plaintiff cannot prove that defendant retaliated against her because of a policy, custom or practice.

For the reasons set forth below, defendant's motion to dismiss plaintiff's Title VII retaliation claims is due to be denied; defendant's motion to dismiss plaintiff's § 1981 retaliation claims is due to be granted in part and denied in part.

**1. Title VII**

Defendant contends that plaintiff cannot establish her retaliation claim, brought pursuant to Title VII, because plaintiff cannot prove an adverse employment action taken because of her protected activity. Specifically, defendant contends:

> 5. The Senior Systems Analyst job at issue herein is a "classified position" in the merit service system governed by the Personnel Board of Jefferson County.
>
> 6. The City can not promote plaintiff to a classified position absent her receiving the Personnel Board certification that she is eligible.
>
> 7. The Personnel Board did not certify plaintiff's name for the May 2002 Senior System Analyst position. Plaintiff's failure to be certified by the Personnel Board is not alleged to be due to any action by the City.
>
> 8. Plaintiff alleges she received "poor performance evaluations" which were the result of unlawful retaliation. . . . [T]he Complaint does not allege that those "poor performance evaluations" caused an adverse change in the terms and conditions of employment which was more than an inconvenience.

(Doc. 4 ¶¶ 5-8 (citations omitted).)

In response to defendant's arguments, plaintiff contends she is –

> unable to present facts essential to respond and oppose Defendant['s] Motion to Dismiss and/or Motion for Summary Judgment. There has been no discovery in this case and the Plaintiff has not had the opportunity to depose

relevant witnesses and/or request relevant documents. The Plaintiff requests additional time to respond to Defendant's claims regarding the position that the Plaintiff applied for and the involvement of the Personnel Board.

(Doc. 5 at 6.) With her response, plaintiff has filed a Motion for Rule 56(f) Extension to Respond. (Doc. 5 at 1, 6.) Defendant filed its Motion to Dismiss/Motion for Summary Judgment in response to plaintiff's Complaint. No scheduling order has been entered in this case and no discovery has been conducted.

Rule 56(f) provides;

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). This rule may be invoked "where the nonmoving party has not had the *opportunity* to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). "[Rule] 56(f) allows courts to defer ruling on summary judgment motions until the non-moving party has been able to conduct all necessary discovery." *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000). "This Court is charged with a duty under Rule 56(f) to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment." *Hickman v. Wal-Mart Stores, Inc.*, 152 F.R.D. 216, 223 (M.D. Fla.1993), *aff'd*, 58 F.3d 640 (11th Cir.1995).

Plaintiff's Complaint alleges that she had "been ranked number 1 on the Jefferson County Personnel Board list," and, after she complained, defendant denied her promotions

10

and gave her "poor performance evaluations." (Doc. 1 ¶¶ 8, 16.) The court can "conceive" of a set of fact that "would entitle [plaintiff] to relief," *Beck*, 144 F.3d at 735-736, despite the fact that her name was not "certified" by the Personnel Board for the May 2002 promotion, (doc. 4 ¶ 7.) The court agrees that plaintiff should be allowed a reasonable opportunity to conduct necessary discovery as to her retaliation claims.

Therefore, defendant's Motion to Dismiss/Motion for Summary Judgment as to plaintiff's Title VII retaliation claim is due to be denied and plaintiff's Motion for Rule 56(f) Extension to Respond is due to granted as to plaintiff's Title VII retaliation claim.

### 2. Section 1981

Defendant contends that plaintiff's Section 1981 retaliation claims are due to be dismissed on the ground that retaliation is not actionable under 42 U.S.C. § 1981, that plaintiff has no "contract of employment" with defendant sufficient to subject it to § 1981 liability for failure to promote plaintiff, and that plaintiff cannot prove a custom or policy sufficient to subject defendant to liability under § 1981. For the reasons set forth below, the court finds that defendant's Motion to Dismiss/Motion for Summary Judgment is due to be granted in part and denied in part.

#### a. Retaliation Claim Actionable Pursuant to § 1981

The court notes that retaliation claims of the nature alleged by plaintiff are cognizable under § 1981. *See Andrews v. Lakeshore Rehabilitation Hosp.*, 140 F.3d 1405, 1411-13 (11th Cir. 1998). Therefore, defendant's Motion to Dismiss/Motion for Summary Judgment

on the ground that plaintiff's claim is not actionable under 42 U.S.C. § 1981 is due to be denied.

### b. § 1981 and Employment Contracts

Defendant contends that plaintiff cannot maintain an action under § 1981 because she "does not have any contractual rights to her present job." (Doc. 4 ¶ 11.) The issue of whether § 1981 protects employees without employment contracts has not been decided by the Eleventh Circuit Court of Appeals or by the United States Supreme Court. *See Bishop v. Avera*, 177 F.3d 1233, 1235-36 (11th Cir. 1999). However, "[e]ach federal court of appeals that has explicitly decided the issue has held . . . that an at-will employee may maintain a claim under § 1981 for racially discriminatory employment practices." *Skinner v. Maritz, Inc.*, 253 F.3d 337, 340 (8th Cir. 2001)(citing *Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258, 261-62 (2d Cir. 2000); *Perry v. Woodward*, 199 F.3d 1126, 1133 (10th Cir. 1999), *cert. denied*, 529 U.S. 1110 (2000); *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018-19 (4th Cir. 1999); *Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc.*, 160 F.3d 1048, 1051-52 (5th Cir. 1998)). Also, the District Court for the Middle District of Alabama, when faced with a similar issue, held:

> 42 U.S.C. § 1981 provides that all citizens shall have the same right to "make and enforce contracts." The aim of the statute is to remove the impediment of discrimination from a minority citizen's ability to participate fully and equally in the marketplace. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 949 (11th Cir.1991). . . .
>
> The Defendants contend that the Plaintiffs do not have standing to assert claims under section 1981 because they are at-will employees. This

12

court expressly rejected that argument in *Lane v. Ogden Entertainment, Inc.*, 13 F. Supp. 2d 1261, 1272 (M.D. Ala. 1998) (Albritton, J.), wherein it stated:

> The court believes that Defendant has confused the issue of whether the employee has a "contract" in the sense used in labor law – i.e., employment for an agreed duration, with certain benefits and protections – with the issue of whether there is a contract between an employer and an at-will employee at all. Even at-will employees have some sort of contract, in the broader legal sense of that term, with their employer. Even though the at-will employee could not file a breach of contract claim for being fired (since he has no protections), the at-will employee would be able to file a breach of contract claim if, for example, he was not paid the correct amount. "Contract" is used in § 1981 in its basic legal meaning, not a specialized labor law meaning.
>
> In a recent case adopting this position, the Fifth Circuit noted, "To hold that at-will employees have no right of action under § 1981 would effectively eviscerate the very protection that Congress expressly intended to install for minority employees, especially those who, by virtue of working for small businesses, are not protected by Title VII." *Fadeyi v. Planned Parenthood Assoc. of Lubbock*, 160 F.3d 1048, 1050 (5th Cir. 1998). The cases cited by the Defendants do not persuade this court to reverse its position. The Plaintiffs have standing to present their section 1981 claims.

*Faulk v. Home Oil Co., Inc.*, 184 F.R.D. 645, 652-53 (M.D. Ala. 1999); *see also Moghadam v. Morris*, 87 F. Supp. 2d 1255 1262 (N.D. Fla. 2000).

Based on the reasoning of the *Faulk* decision, this court finds that plaintiff's lack of an employment contract, in its specialized labor law meaning, is not an impediment to her maintaining a § 1981 claim based on an alleged discriminatory promotion decision. Therefore, defendant's Motion to Dismiss/Motion for Summary Judgment on the ground that plaintiff does not have an "employment contract" with defendant is due to be denied.

### c. Respondeat Superior Liability

Defendant contends that "the plaintiff has failed to allege and cannot prove the City has a policy, custom or practice which violated any federal- or state-protected contractual right to employment. The plaintiff cannot base liability against the City . . ., pursuant to 42 U.S.C. § 1981, on the doctrine of respondeat superior." (Doc. 4 ¶ 10.)

The law is well-established that defendant cannot be held liable for its employee's conduct discriminating against plaintiff merely on the basis of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658, 691-92 (1978). However –

> [i]t is well established that a municipality may be held liable under 42 U.S.C. § 1983 for a single illegal act committed by one of its officers, but not on a theory of respondeat superior. Instead, § 1983 liability may be premised upon a single illegal act of a municipal officer only when the challenged act may be fairly said to represent official policy, such as when that municipal officer possesses final policymaking authority over the relevant subject matter.

*Scala v. City of Winter Park*, 116 F.3d 1396, 1397 (11th Cir. 1997). The Eleventh Circuit has held that a municipal officer does not have final policymaking authority when "the final policymaker delegates decisionmaking discretion to the subordinate, but retains the power to review the exercise of that discretion." *Id.* at 1399. The court held:

> [T]he mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority. Rather, the delegation must be such that the subordinate's discretionary decisions are not constrained by official policies and are not subject to review.

*Id.* (quoting *Mandel v. Doe*, 888 F.2d 783, 792 (11th Cir. 1989))(emphasis omitted). Also, the final decision-maker may adopt as policy the decision of a subordinate. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 129-30 (1988)(stating "[i]t would be a different matter if a

14

[subordinate's] particular decision . . . was cast in the form of a policy statement and expressly approved by the supervising policymaker," or "if a series of decisions by a subordinate official manifested a 'custom or usage' of which the supervisor must have been aware.").

Clearly, plaintiff's § 1981 retaliation claim, to the extent based on respondeat superior, is due to be dismissed. However, plaintiff asked the court for leave to file an Amended Complaint, which states that plaintiff has been injured by "defendant's unlawful polices and practices." (Doc. 5, Ex. 2, ex. A.) Such leave to amend is due to be granted. Plaintiff may amend her Complaint to allege that defendant had a policy or custom of retaliation in response to complaints of discrimination and that she was injured by such policy or custom of retaliation.

## C. PUNITIVE DAMAGES

Defendant contends that plaintiff's claims for punitive damages are due to be dismissed because defendant, a municipality, is immune from claims for punitive damages. Plaintiff contends, "A municipality may be liable for punitive damages for claims brought pursuant to 42 U.S.C. § 1983." (Doc. 5 at 6 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *Wheeler v. City of Pleasant Grove*, 833 F.2d 267, 271 (11th Cir. 1987)).) The cases cited by plaintiff do not support her assertion that she may recover punitive damages from defendant; indeed, the law is well-settled that a plaintiff may ***not*** recover punitive damages from a municipality in actions brought pursuant to Title VII and § 1983/§ 1981.

The court notes that defendant is expressly exempt from an award of punitive damages under Title VII. *See* 42 U.S.C.A. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . ."). With regard to a claim for punitive damages in an action brought pursuant to § 1983 for violations of § 1981, the Eleventh Circuit has held:

> [Plaintiff] asserts that the court erred by instructing the jury that it could not award punitive damages on his section 1981 claim against the City of Atlanta. We conclude that the district court was correct. In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), the Court held that a municipality could not be liable for punitive damages in a section 1983 action. The *Fact Concerts* Court noted that if Congress had intended to displace well settled common law exempting municipalities from punitive damages liability in 1871, when it enacted what is now section 1983, it would have done so explicitly. 453 U.S. at 259-66. We surmise that when Congress enacted in 1866, and reenacted in 1870, what is now section 1981, it would have explicitly abrogated municipal immunity from punitive damages awards had it so intended. We do not, however, end our inquiry here because the language and foci of sections 1981 and 1983 are not congruent: section 1981 confers benefits, whereas section 1983 assesses liability. *See Garner v. Giarrusso*, 571 F.2d 1330, 1340 (5th Cir.1978).
>
> The *Fact Concerts* Court did not premise its holding solely on the legislative history of section 1983. It further reasoned that municipal liability for punitive damages awards would punish innocent taxpayers, not actual wrongdoers, and therefore considerations of public policy militated against expanding punitive damages liability to encompass municipalities. [Footnote 11] Given that the *Fact Concerts* Court's policy analysis applies with equal force to section 1981 actions, we conclude that the district court correctly disposed of [plaintiff's] punitive damages claims against the City. *Cf. Heritage Homes v. Seekonk Water District*, 670 F.2d 1 (1st Cir.), *cert. denied*, 457 U.S. 1120 (1982); *accord, Poolaw v. City of Anadarko*, 738 F.2d 364 (10th Cir. 1984), *cert. denied*, 469 U.S. 1108 (1985).
>
>> [Footnote 11] The Court left open the possibility that punitive damages might be available against a municipality in "an extreme situation where the taxpayers are directly

16

> responsible for perpetrating an outrageous abuse of constitutional rights." 453 U.S. at 267 n. 29. Such a case is not before us.

*Walters v. City of Atlanta*, 803 F.2d 1135, 1148 (11th Cir. 1986); *see also Wheeler*, 833 F.2d at 271.

Therefore, the court finds that defendant's Motion to Dismiss/Motion for Summary Judgment is due to be granted and plaintiff's claims for punitive damages, under § 1981 and Title VII, are due to be dismissed.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that defendant's Motion to Dismiss/Motion for Summary Judgment is due to be granted in part and denied in part. Defendant's Motion to Dismiss/Motion for Summary Judgment is due to be granted as to plaintiff's Title VII race discrimination claims based on wrongfully denied promotions prior to October 24, 1998, her § 1981 retaliation claim, and her claims for punitive damages; such claims are due to be dismissed. Plaintiff's Rule 56(f) Motion is due to be granted in part and defendant's Motion for Summary Judgment as to plaintiff's Title VII claims is due to be denied. The remainder of Plaintiff's Rule 56(f) Motion and the remainder of defendant's Motion to Dismiss/Motion for Summary Judgment is due to be denied.

**DONE** this 26th day of September, 2003.

**SHARON LOVELACE BLACKBURN**
United States District Judge